697 S.E.2d 600

**In the Matter of Jeffrey Scott HOLCOMBE, Respondent.**

**No. 26854.**

Supreme Court of South Carolina.

Submitted July 12, 2010.
Decided Aug. 9, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jeffrey Scott Holcombe, of Columbia, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension of no more than two years from the practice of law. We accept the Agreement and suspend respondent from the practice of law in this state for two years. The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter A

Respondent was working as a contract attorney with Law Firm A when the firm was hired to represent a client who had been injured on a cruise ship. The client's injury occurred less than a month before she hired the firm and her case was respondent's direct responsibility. Respondent gathered information from the client, spoke with the client, and wrote a letter of representation to the cruise line. However, respondent performed no other work on the case. Approximately five months after the representation began and one month after his single letter to the cruise line, respondent ended his relationship with Law Firm A. Respondent did not notify the client or the cruise line of his departure from the firm and did not reach a clear understanding with the firm as to whether he or the firm would retain the client's case and associated responsibilities. After leaving the firm, respondent performed no additional work in the matter and the client's claim against the cruise line became time barred.

### Matter B

Respondent represented a client in a post-conviction relief matter. The circuit court issued a final order in favor of the

State; however, respondent failed to notify the client of the outcome of the case as well as his right to appeal the court's decision. Respondent also failed to file a notice of appeal to protect the client's right to appeal the court's decision. Respondent failed to timely respond to Disciplinary Counsel's initial inquiry in this matter and did not provide a substantive response, despite multiple reminders and requests from Disciplinary Counsel, until after receiving a Notice of Full Investigation.

### *Matter C*

Respondent worked at Law Firm B from May of 2006 until late February of 2009. When he began work at the firm, he was still working on files from his time with Law Firm A. Law Firm B was generally aware of these holdover cases and expected to be compensated for the time and effort respondent devoted to completing the cases. However, respondent failed to diligently work on several of the cases and failed to keep some of the clients informed of the status of their matters. He also failed to hold separately any unearned fees associated with those cases.

In addition to his continued representation of clients associated with Law Firm A, respondent also continued his representation of other clients without the knowledge or permission of Law Firm B. Respondent did not hold any unearned fees or other funds associated with those cases in a trust account, nor did he perform a conflicts check with Law Firm B with regard to any of the clients. Finally, respondent failed to diligently pursue at least two of the matters and failed to communicate adequately with at least one of the clients.

Respondent also accepted new clients while working at Law Firm B without the firm's knowledge or permission. As with his other clients who were not clients of Law Firm B, respondent failed to maintain a trust account for any unearned fees or other funds associated with the clients. Respondent also failed to diligently pursue the matters that several of the clients hired him to pursue.

Respondent also failed to diligently represent at least two of Law Firm B's clients. In one matter, respondent represented two clients in a civil lawsuit. During the representation, the

clients asked respondent to help them incorporate their business. Although respondent prepared the articles of organization, he never filed the appropriate documents or forwarded the clients' checks to the South Carolina Secretary of State. In another matter, respondent represented a client in a domestic action. He failed to comply or respond to numerous requests from the client, failed to comply with the client's request for a copy of a letter respondent wrote to opposing counsel, failed to file a motion at the client's request, and failed to keep the client informed of the status of settlement negotiations and his efforts on the client's behalf.

Respondent accepted another client on behalf of Law Firm B on a matter outside of the firm's normal area of practice. Respondent accepted a $1,000 check from the client and submitted the funds to the firm for deposit. One month later, respondent accepted another $1,000 check from the client. Unlike the first check, respondent negotiated the second check and retained the funds for his own personal use. The client sought a refund after respondent's departure from the firm. Law Firm B refunded $1,312.60 to the client, representing the unearned balance of his initial payment and the full amount of his second payment even though the firm never received his second payment.

When respondent's employment with Law Firm B ended, he left the files of several clients who were not associated with Law Firm B in his office. He did not notify his active clients of his whereabouts and other than leaving the files in a firm with other attorneys, he took no steps to protect his clients' interests.

The complaint in this matter was filed by a partner of Law Firm B. Disciplinary Counsel served respondent with a Supplemental Notice of Full Investigation. Although respondent appeared and testified during an interview pursuant to Rule 19(c)(5), RLDE, Rule 413, SCACR, and provided limited documentation in response to Disciplinary Counsel's subpoena, he never provided a written response to the Supplemental Notice. Respondent also failed to provide a written response to the Amended Supplemental Notice of Full Investigation that Disciplinary Counsel served after the interview.

## *LAW*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client, which requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation); Rule 1.2(a) (a lawyer shall abide by a client's decisions concerning the objectives of representation and consult with the client as to the means by which the objectives are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished, keep the client reasonably informed about the status of the matter, promptly comply with reasonable requests for information, and explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 1.15 (a lawyer shall hold property of clients that is in a lawyer's possession in connection with a representation separate from the lawyer's own property, in a separate account maintained in the state where the lawyer's office is situated, and the property shall be identified as such and appropriately safeguarded; complete records of such account funds and other property shall be kept by the lawyer; a lawyer shall comply with Rule 417, SCACR; a lawyer shall deposit into a client trust account unearned legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred); Rule 1.16 (a lawyer may withdraw from representation of a client in certain situations, but must take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred); Rule 8.1(b) (a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishon-

esty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office taken to practice law in this state and contained in Rule 402(k), SCACR).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for two years from the date of this opinion. Respondent's reinstatement shall be conditioned upon his compliance with the conditions of reinstatement set forth in the Agreement for Discipline by Consent,[1] as well as those set forth in Rule 33, RLDE, Rule 413, SCACR. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. In addition, respondent shall, within thirty days of the date of this opinion, pay the costs incurred in the investigation of this matter by the Office of Disciplinary Counsel and the Commission on Lawyer Conduct.

**DEFINITE SUSPENSION.**

---

1. The Agreement provides that respondent will complete the South Carolina Bar Legal Ethics and Practice Program Trust Account School and Ethics School within one year of reinstatement.